UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEWART SPENCER, *et al*, | Case No. 15-11421 |
| Plaintiffs, | Gerald E. Rosen |
| v. | United States District Judge |
| DTE ELECTRIC COMPANY, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (Dkt. 62)

In this diversity action, plaintiffs filed a complaint against all defendants on April 20, 2015, alleging that plaintiff Stewart Spencer was injured at the Belle River Power Plant owned and operated by defendants. (Dkt. 1). Spencer states three claims for recovery: 1) negligence; 2) negligent exercise of retained control; and 3) failure to exercise reasonable care in common work areas. (Dkt. 1, at Pg ID 16-23).

A. Procedural Background

On January 19, 2016, plaintiffs filed a motion to compel documents from defendants DTE Electric Company and DTE Energy Corporate Services, LLC (hereinafter collectively referred to as "DTE" or the "DTE defendants"). (Dkt. 62). District Judge Gerald E. Rosen referred this motion to the undersigned on January 20, 2016, together with a previously filed motion for protective order

1

(Dkt. 49) and discovery motion (Dkt. 47). (Dkt. 63, 64). On February 12, 2016, the court held a telephone conference to discuss the status of Docket Nos. 47, 59 and 62 respectively. During that call, the parties advised that Docket Nos. 47 and 59 were resolved; however, they were unable to resolve Docket No. 62, plaintiffs' motion to compel. The court conducted a hearing on that motion on February 22, 2016.

B. <u>Parties' Arguments</u>

Plaintiffs seek the contract that DTE had with Monarch Welding for work at the Belle River Power Plant. DTE has turned over portions of the contract, but is refusing to turn over other responsive documents arguing that they are "irrelevant, proprietary, confidential, and amount to DTE's own internal policies and procedures which are not admissible and not discoverable under Michigan law ...". (Dkt. 73-3, Pg ID 757, DTE's Amended Responses). The portion that DTE has not turned over contains certain safety policies and procedures of the company. Plaintiffs claim that the policies and procedures are part of the contracts and are relevant because they define the scope of work. The scope of work is relevant because plaintiffs specifically advance that DTE is negligent under a theory of retained control for its failure to implement reasonable safety precautions. *See Funk v. General Motors*, 392 Mich. 91, 101 (1974).

Plaintiffs also claim that the contracts at issue, inclusive of the policies and

procedures, identify the nature and extent to which DTE controlled the ongoing work. Moreover, plaintiffs argue that the contracts are not privileged, that one of the DTE employee deponents referred to the policies and procedures as part of the contract, thereby placing them at issue, and that even if the entire contract were somehow deemed privileged, it could be subject to the parties' protective order.

On the other hand, defendants argue that plaintiffs are attempting to obtain DTE's internal policies and procedures that are exempt from discovery. Defendants deny that the sought-after policies and procedures are part of the contract, and challenge their relevance to any claims or defenses in the case. Specifically, DTE argues that Spencer's employer at the time of the accident, Monarch Welding Company, was responsible for implementing its own safety precautions, thus rendering DTE's internal policies and procedures irrelevant to plaintiff's claims.

Specifically, the DTE defendants argue that all of plaintiffs' theories are premised on DTE owing a common law duty to plaintiff, which cannot be proven by invoking DTE's internal policies and procedures. Therefore, the internal policies and procedures that plaintiffs seek are not relevant. The DTE Defendants say that it is well-settled that Michigan courts do not impose a duty on a premises owner on the basis of its own written policies. *See England v. Meijer*, 2015 WL 6161735, *4 (Mich. App. 2015). DTE also contends that Michigan law forbids the

3

use of internal policy manuals to establish the standard of care in a negligence action. *Transp. Ins. Co. v. Detroit Edison Co.*, 2003 WL 22956418, *2 (Mich. App. 2003). Consequently, DTE urges that plaintiffs should not be permitted to use the policies and procedures to establish retained control because whether a landowner has retained control is a question of fact. And, a disputed fact must be established by admissible evidence. Defendants finally contend that the policies and procedures are not a part of the contract, but are referenced in the separate Erection Specifications – a document cross-referenced in the Purchase Order. Defendants acknowledge that the Erection Specifications document itself is a part of the contract, but deny that the language of that document referring to the policies and procedures makes them part of the contract also.

    C.    <u>Analysis and Conclusions</u>

After reviewing the parties' submissions and hearing arguments, the undersigned concludes that the policies and procedures are, at minimum, related to the contract as they are offered for production to the sub-contractor within the contract itself, and they are relevant to the issue of scope of work at the Belle River work site. The Federal Rules of Civil Procedure were written to facilitate the discovery of all relevant evidence. Rule 26 authorizes expansive discovery, provided the material sought has some probative value in proving or disproving a claim or defense. Fed. R. Civ. P. 26(b)(1); *Seven Bros. Painting, Inc. v. Painters*

*Dist. Council No. 22 of Int'l Bhd. of Painters & Allied Trades (AFL-CIO)*, 2010 WL 3385313, at *2 (E.D. Mich. Aug. 24, 2010). Moreover, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion.[1]

As recently revised, Rule 26(b)(1) sets forth the factors that the Court must balance in making decisions concerning the scope of discovery;

> 1) **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Though defendants' original response included a somewhat boilerplate objection

---

[1] In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and her order is overruled if the district court finds an abuse of discretion. 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010) (citing cases). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *Todd v. RBS Citizens, N.A.*, 2010 WL 3943545, at *2 (W.D. Mich. Oct. 6, 2010), citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

5

stating that the contested request seeks documents that are proprietary and confidential, defendants have not argued that the requested documents are subject to any specific privilege. Nor have they argued that the expense of responding outweighs the likely benefit. Instead, defendants have advanced the grounds that the request for the contract and related documents is overly broad, not relevant and not proportional to the issues of the litigation.

Plaintiffs, on the other hand, say that these documents are relevant to their claim that defendants retained control of the ongoing work and are therefore liable under Michigan's negligence law. "Retained control" is a term used under Michigan law to describe conduct that may subject a landowner or general contractor to liability for injuries to employees of an independent contractor or subcontractor on a construction project. In *Plummer v. Bechtel Construction Co.*, 440 Mich. 646 (1992), the Michigan Supreme Court indicated that, while the general rule is that a "landowner is not responsible for injuries caused by a carefully selected contractor to whom he has delegated the task ..., an owner is responsible if he does not truly delegate – if he retains 'control' of the work ...." *Id.* at 658 (quoting *Funk v. General Motors Corp.*, 392 Mich. 91, 101 (1974)). Thus, determining both the scope of work and the delegation or partitioning of responsibilities at a given work site are critical to resolving the issue of retained control.

Defendants' argument that Michigan law exempts a company's internal policies and procedures from discovery is overstated and conflates the issue of duty of care with the factual underpinnings necessary to the inquiry of retained control. Count II of Plaintiffs' Complaint expressly states a claim for negligent exercise of retained control. In seeking the subject documents, plaintiffs have not argued that the policies and procedures in and of themselves establish an independent duty of care to the plaintiffs. Rather, plaintiffs have argued that the policies and procedures speak to the scope of work for Monarch, which will inform the question of whether DTE retained control of the work site. Thus, they are relevant to a central issue in this case, and their production does not appear to be particularly costly or burdensome to the defendants.

Moreover, under Rule 26(b)(1), the policies and procedures do not need to be admissible at trial in order to be discoverable. Because the full contract between DTE and Monarch and its related documents – including the policies and procedures – has probative value in proving or disproving plaintiffs' claim that DTE retained control of the project, defendants are required to produce those documents. During the hearing, the court **ORDERED** that a protective order must entered within seven (7) days, or by February 29, 2016. The undersigned further **ORDERED** that DTE has seven (7) days following entry of the protective order to produce documents responsive to plaintiffs' motion to compel. The protective

order was entered on March 7, 2016. (Dkt. 82). Thus, defendants must produce the responsive documents by **March 14, 2016**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 11, 2016                  s/Stephanie Dawkins Davis
                                      Stephanie Dawkins Davis
                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 11, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov