UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEWART SPENCER and
SHANNON SPENCER,

    Plaintiffs,

v.

Case No. 15-11421
Hon. Gerald E. Rosen

DTE ELECTRIC COMPANY, *et al.,*

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' EMERGENCY
MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 15, 2016

PRESENT:    Honorable Gerald E. Rosen
                     United States District Judge

By order dated March 11, 2016, Magistrate Judge Stephanie Dawkins Davis granted a motion to compel brought by Plaintiffs on January 19, 2016. Defendants DTE Electric Company and DTE Corporate Energy Services, LLC (collectively the "DTE Defendants") have filed objections to the Magistrate Judge's order.[1] In

---

[1] These objections were filed on March 7, 2016, before the Magistrate Judge issued the March 11 order granting Plaintiffs' underlying motion to compel. Although the DTE Defendants evidently viewed the Magistrate Judge's statements at the February 22, 2016 hearing on Plaintiff's motion to compel as tantamount to an "order" granting this motion, the Magistrate Judge expressly stated at the February 22 hearing that "the Court will issue

an emergency motion filed on March 14, 2016, the DTE Defendants request that the Magistrate Judge's order be stayed until the Court has ruled on their objections to this order.

As the DTE Defendants recognize, Local Rule of 72.2 of this District provides that a Magistrate Judge's ruling on a non-dispositive motion is entitled to "full force and effect unless and until it is stayed by the magistrate judge or a district judge." The DTE Defendants further recognize that in determining whether to stay the Magistrate Judge's ruling, this Court must consider, among other factors, whether the DTE Defendants will suffer irreparable harm if the requested stay is not granted. (*See* DTE Defendants' 3/14/2016 Emergency Motion, Br. in Support at 7 (quoting *Baker v. Adams County/Ohio Valley School Board,* 310 F.3d 927, 928 (6th Cir. 2002)).)

Having reviewed the present motion and the underlying record, the Court is at a loss to see how the DTE Defendants have identified any significant harm they will suffer, much less irreparable harm, if the Magistrate Judge's March 11 order is permitted to go into effect. Under this order, the DTE Defendants must produce

---

an order memorializing today's ruling." (2/22/2016 Hearing Tr. at 18.) Thus, it is unclear why the DTE Defendants thought it necessary to file objections before this promised order was issued. Nonetheless, when the Court addresses these objections in a forthcoming order, it will construe them as directed at the Magistrate Judge's March 11 order, rather than the Magistrate Judge's statements at the February 22 hearing.

certain internal policy and procedure documents that, in Plaintiffs' view, were incorporated by reference into a contract entered into by the DTE Defendants and a contractor, Monarch Welding.[2] The DTE Defendants do not contend that it would be especially burdensome to produce these documents, such that the Court should relieve them of this burden unless and until it determines that the Magistrate Judge's March 11 order should be upheld. Moreover, while the DTE Defendants observe that the internal policies and procedures at issue are "confidential," (DTE Defendants' 3/14/2016 Emergency Motion, Br. in Support at 9), the Magistrate Judge expressly stated at the February 22 hearing that the DTE Defendants would not have to produce these materials until an appropriate "protective order [wa]s in place" to govern these and other confidential documents produced by the parties in discovery, (2/22/2016 Hearing Tr. at 16), and this protective order subsequently was entered on March 7, 2016. Thus, even if it should turn out that the Court sustains the DTE Defendants' objections to the Magistrate Judge's March 11 order, and that the DTE Defendants need not have

---

[2]The DTE Defendants have produced other contract documents, but have withheld the policy and procedure materials as purportedly not a part of their contract with Monarch Welding, and hence as irrelevant to the theories of liability asserted by Plaintiffs against the DTE Defendants. In their objections to the Magistrate Judge's March 11 order, the DTE Defendants reassert this argument that their internal policies and procedures were not incorporated into their contract with Monarch Welding, and thus are not relevant to Plaintiffs' claims against the DTE Defendants.

3

produced the policy and procedure documents at issue, the protective order ensures that these documents will not be divulged outside the limited circle of individuals identified in that order. The harm resulting from such a temporary and limited disclosure would surely be minimal, and not irreparable.

This leaves only the DTE Defendants' argument that in the absence of a stay, they would "effectively be stripped of [their] right to have [their] objections considered." (DTE Defendants' 3/14/2016 Emergency Motion, Br. in Support at 8.) The Court fails to see how this is so, and the DTE Defendants do not elaborate on this puzzling assertion. The Court fully intends to rule on the DTE Defendants' objections in due course, and the DTE Defendants fail to identify any irreparable harm they will suffer in the meantime. Rather, it appears to the Court that the only potential harm they face is the modest burden of producing documents that, in their view, they should not have been ordered to divulge. The Magistrate Judge has determined otherwise, and the Court declines to relieve the DTE Defendants of the modest burden of complying with this order while it considers their objections to the Magistrate Judge's ruling.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the DTE Defendants' March 14, 2016 emergency motion for stay pending resolution of

[their] objections to the Magistrate Judge's order (docket #85) is DENIED.

                                                s/Gerald E. Rosen
                                                United States District Judge

Dated: March 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2016, by electronic and/or ordinary mail.

                      s/Julie Owens
                      Case Manager, (313) 234-5135