UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEWART SPENCER and
SHANNON SPENCER,

       Plaintiffs,                 Case No. 15-11421
                                           Hon. Gerald E. Rosen

- and -

EMPLOYERS INSURANCE OF
WAUSAU,

       Intervening Plaintiff,

v.

DTE ELECTRIC COMPANY, *et al.,*

       Defendants.
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 31, 2017      

PRESENT:    Honorable Gerald E. Rosen
                      United States District Judge

In an opinion and order issued on January 17, 2017, the Court granted Defendants' motions for summary judgment and denied Plaintiffs' motion for summary judgment. Through a motion filed on January 30, 2017, Plaintiffs now

seek reconsideration of the Court's summary judgment ruling.

Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." This principle controls the disposition of the present motion, in which Plaintiffs contend that their claims against Defendant DTE rested solely on DTE's status as owner/general contractor, but that the Court nonetheless (i) analyzed these claims under the standards of premises liability, and (ii) "erroneously held there can be only one cause of action against a property owner" such as DTE, thereby limiting Plaintiffs to a premises liability theory of recovery "to the exclusion of" their owner/contractor claim. (Plaintiffs' Motion for Reconsideration, Br. in Support at 1.)

This argument cannot be squared with the plain language of the Court's January 17 ruling. In this opinion, the Court expressly "recognized that a claim under a premises liability theory does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct." (1/17/2017 Opinion at 18 (internal quotation marks and citation omitted).) Nonetheless, the Court found that the record *in this case* supported only the former theory of recovery, and that this was so despite "the absence of claims or allegations in

[Plaintiffs'] complaint indicating that [they were] pursuing a theory of premises liability." (*Id.* at 14, 19-20.) Plaintiffs' bare disagreement with these rulings does not warrant reconsideration of the Court's January 17, 2017 opinion and order.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' January 30, 2017 motion for reconsideration (docket #115) is DENIED.

      s/Gerald E. Rosen
      United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5135